16-2019-CA-001502-XXXX-MA
CV-D

Filing # 85531338 E-Filed 02/26/2019 03:33:52 PM

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL
CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

MICHAEL MACLAY on behalf of
Himself and all others similarly situated,

                   Plaintiffs,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
            Defendant.
_____/

CASE NO.:
CIVIL DIVISION

**CLASS REPRESENTATION
JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, MICHAEL MACLAY (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, and sues Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter "MCM"), and in support thereof would allege:

1.    This Court has jurisdiction over this matter because the amount in controversy exceeds $15,000.00, exclusive of interest, costs, and attorney's fees.

### JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction over this action pursuant to Florida Statutes § 559.77(1) and 15 U.S.C. § 1692k(d).

3.    Venue is proper because the events and transactions underlying the basis for this action occurred in Duval County, Florida.

### PARTIES

4.    Plaintiff is a natural person and resident of Duval County, Florida.

5.      Defendant MCM is a Kansas Foreign Profit Corporation doing business in Duval County, Florida, and whose principal address is 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

6.      Defendant MCM may be served through its registered agent, CORPORATION SERVICE COMPANY, at 1201 Hays St., Tallahassee, FL 32301.

### GENERAL ALLEGATIONS

7.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter the "FDCPA").

8.      Defendant MCM attempted to collect a Debt from Plaintiff in Duval County Court Case# 16-2018-SC-012709-XXXX-MA  (hereinafter the "Debt").

9.      Under the FDCPA, a "consumer" is defined as "any natural person obligated or *allegedly* obligated to pay any debt." 15 U.S.C. § 1692a(3) (emphasis added).

10.     Plaintiff is a "consumer" as defined in the FDCPA. 15 U.S.C. § 1692a(3).

11.     Defendant MCM is a "debt collector" as defined in the FDCPA.  15 U.S.C. § 1692a(6).

12.     The alleged Debt which Defendant MCM has attempted to collect from Plaintiff is a "debt" or "consumer debt" as defined in the FDCPA, and allegedly originated in Duval County, Florida. 15 U.S.C. § 1692a(5).

13.     Because of Defendant's massive state-wide debt collection practice, Defendant contracts with "coverage" attorneys on a single hearing basis to attend pre-trial hearings throughout the state of Florida that are conducted pursuant to Rule 7.090 of the Florida Small Claims Rules.

2

Michael Maclay vs. Midland Credit Management, Inc.

14.     Defendant MCM's "coverage" attorneys are debt collectors under the FDCPA.

15.     Defendant MCM's "coverage" attorneys must comply with the FDCPA.[1]

16.     Defendant MCM is liable for the actions of the "coverage" attorneys that attend hearings.

17.     "Coverage" attorneys will routinely speak to consumers in the vicinity of the courtroom in an attempt to set up a payment arrangement, or to try and convince the consumer to stipulate to the entry of a judgment. Such communications are not during the course or part of any hearing.

18.     When the "coverage" attorneys make contact with consumers like the Plaintiff, they are required to comply with 15 U.S.C. § 1692e(11):

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

19.     When a "coverage" attorney makes their initial communication with a consumer such as the Plaintiff, they must disclose that he or she is "attempting to collect a debt and that any information obtained will be used for that purpose."[2] This warning is colloquially known as a "mini Miranda". When a "coverage" attorney makes subsequent communications with a

---

[1] The Supreme Court, as well as various Circuit Courts, have held that the FDCPA applies to attorneys' debt-collection activity during litigation. *See Heintz v. Jenkins*, 514 U.S. 291, 299 (1995) ("[T]he FDCPA the applies to attorneys who 'regularly' engage in consumer debt-collection activity, even when that activity consists of litigation."); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir.2006) *cert. denied* 549 U.S. 886 (Oct. 2, 2006); *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 230 (4th Cir.2007).
[2] *See Stacey Hart v. Credit Control, LLC*, No. 16-17126 (11th Cir. Sept. 22, 2017).

3

Michael Maclay vs. Midland Credit Management, Inc.

consumer such as the Plaintiff, they must disclose that the communication is from a debt collector.

20.     On February 21, 2019, Plaintiff attended a pre-trial hearing at the Duval County Courthouse.  Around the time of the hearing, but not during the hearing, Plaintiff spoke with Defendant MCM's "coverage" attorney who failed to substantively disclose during his initial communication with Plaintiff that "This is an attempt to collect a debt and any information obtained will be used for that purpose." Defendant MCM's "coverage" attorney also failed disclose that the communication was from a debt collector.

21.     All conditions precedent to this action have occurred or have been waived.

22.     Plaintiff has retained the services of the undersigned attorneys and is required to pay a reasonable fee for their services.

## CLASS REPRESENTATION ALLEGATIONS

23.     Pursuant to Florida Rule of Civil Procedure 1.220(a), (b) (2) and (b) (3), Plaintiff brings this action on behalf of themselves and all others similarly situated.

24.     The Class(es) are defined as:

**Duval County Class (Count I):**  All persons in Duval County, Florida against whom Defendant MCM attempted to collect a consumer debt, and whose "coverage" attorneys close to the time of a scheduled pre-trial hearing, failed to provide the required disclosures in 15 U.S.C. § 1692e(11) while communicating with the class member, within the applicable limitations period prior to the filing of the initial Complaint in this action through the date Notice is issued to the Class.

**Florida Class (Count I):**  All persons in the state of Florida (except Duval County) against whom Defendant MCM attempted to collect a consumer debt, and whose "coverage" attorneys close to the time of a scheduled pre-trial hearing, failed to provide the required disclosures in 15 U.S.C. § 1692e(11) while communicating with the class member, within the applicable limitations period

4

prior to the filing of the initial Complaint in this action through the date Notice is issued to the Class.

25.     The statute of limitations for the FDCPA claims is 1 year pursuant to 15 U.S.C. § 1692k(d).

26.     Plaintiff is unable to state the exact number of class members because that information is solely in the possession of Defendant MCM.  However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Defendant MCM's business records and records that are maintained by the Clerks of Court.  Upon information and belief, the putative Classes are made up of thousands of Florida consumers. On information and belief, Plaintiff estimates that the Duval County class will consist of hundreds of individuals and that the Florida Class will consist of thousands of individuals. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

27.     Questions of law and fact common to the Class(es) exist and predominate over questions affecting only individual members, including, *inter alia*, the following:

(a)     Whether Defendant MCM violated the FDCPA when its "coverage" attorneys failed to provide the disclosures to consumers required by 15 U.S.C. § 1692e(11);

28.     The claims asserted by the named Plaintiff in this action are typical of the claims of the members of the Classes because, upon information and belief, Defendant MCM routinely sends "coverage" attorneys to pre-trial hearings and those "coverage" attorneys do not provide the disclosures to consumers required by 15 U.S.C. § 1692e(11).

29.     Accordingly, the claims of the Plaintiff and of the Classes originate from the same standardized conduct, practice, and procedure, on the part of Defendant MCM.

5

Michael Maclay vs. Midland Credit Management, Inc.

30.     Plaintiff possess the same interests and has suffered the same injuries as each Class member because the use of a creditor name other than the legal entity name or a registered fictitious name results in uniform damages.  There are no individual facts which distinguish the Plaintiff from other Class members that were subjected to Defendant MCM's illegal conduct.

31.     The named Plaintiff will fairly and adequately represent and protect the interest of the members of the Classes because he has no interest antagonistic to the Class he seeks to represent, and because the adjudication of his claims will necessarily decide the identical issues for other class members.  There is nothing peculiar about the Plaintiff's situation that would make him inadequate as the class representative.

32.     The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Classes because Defendant MCM's conduct was perpetrated on all members of the Classes and will be established by common proof.  Moreover, Plaintiff has retained counsel competent and experienced in actions brought under consumer protection laws.

33.     A class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class member will be relatively modest compared to the expense and burden of individual litigation.  It would be impracticable for each Class member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual statutory damages for each FDCPA violation are capped at $1,000.00 or 1% of the defendants' net worth.  It would be difficult, if not impossible, to obtain counsel to represent each Class member on an individual basis for such small claims.  More importantly, the vast

6

Michael Maclay vs. Midland Credit Management, Inc.

majority of Class members are not aware that Defendant MCM's "coverage" attorneys are required to provide disclosures pursuant to 15 U.S.C. § 1692e(11). There will be no difficulty in the management of this litigation as a class action as the legal issues affect a standardized pattern of conduct by Defendant MCM and class actions are commonly used in such circumstances.

34.    For purposes of the claims brought in this action, the applicable standard is the "least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-75 (11th Cir. 1985); *see also* Fla. Stat. § 559.552 (the FCCPA looks to the FDCPA for guidance).

### COUNT I – VIOLATION OF FDCPA, 15 U.S.C. § 1692e(11)
### On behalf of Plaintiff, Duval County Class, and Florida Class

Plaintiff realleges those allegations contained within paragraphs 1-34 above and incorporates them herein by this reference.

35.    Defendant MCM's "coverage" attorney(s) violated 15 U.S.C. § 1692e(11), when making oral communications with Plaintiff prior to, or after a hearing (but not during a hearing or judicial proceeding before a judge or magistrate) on February 21, 2019, by failing to that they were "attempting to collect a debt and that any information obtained will be used for that purpose."

36.    Defendant MCM's "coverage" attorney(s) violated 15 U.S.C. § 1692e(11) when making oral communications with member of the Duval County Class prior to, or after a hearing (but not during a hearing or judicial proceeding before a judge or magistrate), by failing to that they were "attempting to collect a debt and that any information obtained will be used for that purpose."

37.    Defendant MCM's "coverage" attorney(s) violated 15 U.S.C. § 1692e(11) when making oral communications with member of the Florida Class prior to, or after a hearing (but

7

Michael Maclay vs. Midland Credit Management, Inc.

Case 3:19-cv-00364-BJD-MCR   Document 1-2   Filed 04/01/19   Page 8 of 10 PageID 14

not during a hearing or judicial proceeding before a judge or magistrate), by failing to that they were "attempting to collect a debt and that any information obtained will be used for that purpose."

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

     (a)    an order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

     (b)    award Duval County Class and Florida Class members the lesser of $500,000 or 1 per centum of the net worth of Defendant MCM pursuant to 15 U.S.C. § 1692k(a)(2)(B)

     (c)    award Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

     (d)    award Plaintiff additional statutory damages of $1,000 per FDCPA violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

     (e)    award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

     (f)    prejudgment interest; and

     (g)    all other relief which this Court deems just and proper.

## COUNT II – VIOLATION OF FDCPA, 15 U.S.C. § 1692e(11)
### On behalf of Plaintiff, Duval County Class, and Florida Class

Plaintiff realleges those allegations contained within paragraphs 1-34 above and incorporates them herein by this reference.

38.    Defendant MCM's "coverage" attorney(s) violated 15 U.S.C. § 1692e(11), when making oral communications with Plaintiff prior to, or after a hearing (but not during a hearing or judicial proceeding before a judge or magistrate) on February 21, 2019, by failing to disclose that the communication is from a debt collector.

39.    Defendant MCM's "coverage" attorney(s) violated 15 U.S.C. § 1692e(11) when making oral communications with member of the Duval County Class prior to, or after a hearing

8

Michael Maclay vs. Midland Credit Management, Inc.

(but not during a hearing or judicial proceeding before a judge or magistrate), by failing to disclose that the communication is from a debt collector.

40.     Defendant MCM's "coverage" attorney(s) violated 15 U.S.C. § 1692e(11) when making oral communications with member of the Florida Class prior to, or after a hearing (but not during a hearing or judicial proceeding before a judge or magistrate), by failing to disclose that the communication is from a debt collector.

WHEREFORE, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

(a)     an order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and his counsel as Class Counsel;

(b)     award Duval County Class and Florida Class members the lesser of $500,000 or 1 per centum of the net worth of Defendant MCM pursuant to 15 U.S.C. § 1692k(a)(2)(B)

(c)     award Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

(d)     award Plaintiff additional statutory damages of $1,000 per FDCPA violation, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e)     award Plaintiff costs of this action together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

(f)     prejudgment interest; and

(g)     all other relief which this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

9

Michael Maclay vs. Midland Credit Management, Inc.

Dated: February 26, 2019.

Respectfully submitted by:

**THOELE|DRACH**

BY: _____

**Justin Seth Drach, Esq.**
Florida Bar No. 103016
Email: justindrach@drachlaw.com
**Amanda Marie Thoele, Esq.**
Florida Bar No. 75118
Email: amandathoele@drachlaw.com
2120 Corporate Square Blvd.
Suite 17
Jacksonville, FL 32224
Telephone: (904) 600-4384
Facsimile: (904) 306-1355
*Attorneys for Plaintiff and all
others similarly situated*

10

Michael Maclay vs. Midland Credit Management, Inc.