# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHAEL MACLAY, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.                                                      CASE NO.: 3:19-cv-364-J-39MCR

MIDLAND CREDIT MANAGEMENT,
INC.,

    Defendant.

_____/

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S AMENDED ANSWER WITH AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendant Midland Credit Management, Inc. ("MCM"), by and through its undersigned counsel, answers Plaintiff's Class Action Complaint ("Complaint") as follows:

1.     MCM denies the allegations in Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2.     MCM denies the allegations in Paragraph 2 of the Complaint.

3.     MCM denies the allegations in Paragraph 3 of the Complaint.

### PARTIES

4.     Admitted upon information and belief.

5.     Admitted in part, denied in part.  MCM admits that it is a Kansas corporation with a principal address of 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.  MCM denies the remaining allegations in Paragraph 5 of the Complaint.

6.     Admitted.

## GENERAL ALLEGATIONS

7. Admitted in part, denied in part. MCM admits that Plaintiff brings this action pursuant to 15 U.S.C. §1692, *et. seq.* ("FDCPA"). MCM denies violating the FDCPA.

8. MCM denies the allegations in Paragraph 8 of the Complaint.

9. Admitted in part, denied in part. MCM admits the allegations of Paragraph 9 of the Complaint to the extent they are consistent with the statutory text of 15 U.S.C. § 1692a(3). MCM denies the allegations of Paragraph 9 of the complaint to the extent that they are inconsistent with the statutory text of 15 U.S.C. § 1692a(3).

10. MCM denies the allegations in Paragraph 10 of the Complaint.

11. Admitted in part, denied in part. MCM admits at times that it acts as a debt collector as that term is defined by the FDCPA. After reasonable investigation, MCM lacks sufficient knowledge and information to form a belief as to whether Plaintiff's account was a "debt" as that term is defined by the FDCPA, and thus MCM lacks sufficient knowledge and information to form a belief as to the truth of whether MCM is a "debt collector" in this case.

12. After reasonable investigation, MCM lacks sufficient knowledge and information to form a belief as to the truth of these allegations, and as such they are denied.

13. Admitted in part, denied in part. MCM admits that it at times retains licensed attorneys for the purposes of attending legal proceedings on its behalf throughout the State of Florida, including pre-trial conferences that are held pursuant to Fla. Sm. Cl. R. 7.090. MCM denies the remaining allegations in Paragraph 13 of the Complaint.

14. MCM denies the allegations in Paragraph 14 of the Complaint.

15. MCM denies the allegations in Paragraph 15 of the Complaint.

16. MCM denies the allegations in Paragraph 14 of the Complaint.

17. After reasonable investigation, MCM lacks sufficient knowledge and information to form a belief as to the truth of the allegation in Paragraph 17 of the Complaint and as such they are denied.

18. MCM denies the allegations in Paragraph 18 of the Complaint.

19. MCM denies the allegations in Paragraph 19 of the Complaint.

20. Admitted in part, denied in part. Upon information and belief, MCM admits Plaintiff attended a pre-trial hearing at the Duval County Courthouse. All remaining allegations are denied.

21. MCM denies the allegations in Paragraph 21 of the Complaint.

22. After reasonable investigation, MCM lacks sufficient knowledge and information to form a belief as to the truth of the allegation in Paragraph 22 of the Complaint and as such they are denied.

## CLASS REPRESENTATION ALLEGATIONS

23. Admitted in part, denied in part. MCM admits that Plaintiff brings this action as a class pursuant to Fla. R. Civ. P. 1.220(a), (b)(2), and (b)(3). MCM denies that class treatment is appropriate.

24. MCM denies the allegations in Paragraph 24 of the Complaint and denies that class treatment is appropriate.

25. Admitted.

26. MCM denies the allegations in Paragraph 26 of the Complaint and denies that class treatment is appropriate.

27. MCM denies the allegation in Paragraph 27 of the Complaint and denies that class treatment is appropriate.

28. MCM denies the allegation in Paragraph 28 of the Complaint and denies that class treatment is appropriate.

29. MCM denies the allegation in Paragraph 29 of the Complaint and denies that class treatment is appropriate.

30. MCM denies the allegation in Paragraph 30 of the Complaint and denies that class treatment is appropriate.

31. MCM denies the allegation in Paragraph 31 of the Complaint and denies that class treatment is appropriate.

32. MCM denies the allegation in Paragraph 32 of the Complaint and denies that class treatment is appropriate.

33. MCM denies the allegation in Paragraph 33 of the Complaint and denies that class treatment is appropriate.

34. MCM denies the allegations in Paragraph 34 of the Complaint.

### COUNT I – VIOLATION OF FDCPA, 15 U.S.C. § 1692e(11)
### On behalf of Plaintiff, Duval County Class, and Florida Class

Paragraphs 1 through 34 of this Answer are hereby incorporated by reference as though more full set forth herein.

35. MCM denies the allegation in Paragraph 35 of the Complaint.

36. MCM denies the allegation in Paragraph 36 of the Complaint.

37. MCM denies the allegation in Paragraph 37 of the Complaint.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's

Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### COUNT II – VIOLATION OF FDCPA, 15 U.S.C. § 1692e(11)
### On behalf of Plaintiff, Duval County Class, and Florida Class

Although Plaintiff failed to assign a paragraph number to this allegation, Paragraph 1 through 34 of this Answer are hereby incorporated by reference as though more full set forth herein.

38.     MCM denies the allegation in Paragraph 38 of the Complaint.

39.     MCM denies the allegation in Paragraph 39 of the Complaint.

40.     MCM denies the allegation in Paragraph 40 of the Complaint.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### JURY TRIAL DEMAND

MCM admits that Plaintiff demands a trial by jury on all issues so triable.  MCM denies the existence of triable issues of fact.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pursuant to the contract between Plaintiff and Citibank, N.A., which was subsequently assigned to Midland Funding LLC, Plaintiff and the members of his putative class members consented to the resolution of any claim, dispute, or controversy arising out of the underlying account at issue, including the disputes that are the subject matter of this lawsuit. Accordingly, this action should be stayed and the disputes that are the subject of this lawsuit should be ordered to be resolved through mandatory individual arbitration. Arbitration is hereby demanded.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to the contract between Plaintiff and Citibank, N.A., which was subsequently assigned to Midland Funding LLC, Plaintiff contractually waived his right to pursue any claim as part of a class action and agreed to arbitrate such claims individually.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, members meeting Plaintiff's putative class definition have contractually agreed to waive their participation in any class action, whether as class member or class representative, for issues arising from or in any way related to the account at issue in this case. As such, Plaintiff's class claims should be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

The litigation conduct forming the basis of Plaintiff's claims is absolutely privileged and protected by the First Amendment to the United States Constitution and the *Noerr-Pennington* doctrine.

WHEREFORE, Defendant Midland Credit Management, Inc. respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss Plaintiff's

Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

                                              Respectfully submitted,

                                              **MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees*
       LAUREN M. BURNETTE, ESQUIRE
       FL Bar No. 0120079
       JOHN M. MAREES, II, ESQUIRE
       FL Bar No. 0069879
       12276 San Jose Blvd.
       Suite 720
       Jacksonville, FL 32223
       (904) 527-1172
       (904) 683-7353 (fax)
       lburnette@messerstrickler.com
       jmarees@messerstrickler.com
       *Counsel for Defendant*

Date:  April 30, 2019

## CERTIFICATE OF SERVICE

I certify that on April 30, 2019, a true copy of the foregoing document was served as follows:

*By Florida E-Filing Portal:*
Justin Seth Drach, Esq.
Amanda Marie Thoele, Esq.
Thoele/Drach
2120 Corporate Square Blvd., Suite 17
Jacksonville, Florida 32224
justindrach@drachlaw.com
amandathoele@drachlaw.com
*Attorneys for Plaintiff*


**MESSER STRICKLER, LTD.**

By:   */s/John M. Marees*
      LAUREN M. BURNETTE, ESQUIRE
      FL Bar No. 0120079
      JOHN M. MAREES, II, ESQUIRE
      FL Bar No. 0069879
      12276 San Jose Blvd.
      Suite 720
      Jacksonville, FL 32223
      (904) 527-1172
      (904) 683-7353 (fax)
      lburnette@messerstrickler.com
      jmarees@messerstrickler.com

Date:  April 30, 2019